LAW OFFICES OF

# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: llewis@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                                                       FATOUMATA MAGASSA
                                                                                                              *Paralegal*

July 6, 2022

**BY ELECTRONIC MAIL**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Adelekan (Olajumoke)*,
         19 Cr. 291 (LAP)

Dear Judge Preska:

  This letter is submitted on behalf of defendant Abiola Olajumoke, whom I represent by CJA appointment in the above-entitled matter, and provides Mr. Olajumoke's response to the government's proposed *voir dire* questions (ECF #549).

(1) at pp. 1-2, any preliminary description of the allegations should include the advisory that Mr. Olajumoke has pleaded not guilty to all of the charges;

(2) at p. 3, ¶ 8, in the first sentence, "related" should be changed to "alleging;"

(3) at p. 3, ¶ 10, in the first sentence, "Do you have strong feelings about individuals who engage in fraud . . ." should be changed to "Do you have strong about allegations of fraud . . .;"

(4) at p. 3, ¶ 15, the name of my firm's paralegal, Fatou Magassa, should be added, as she will be assisting me during the trial;

(5) at p. 4, ¶ 17, there should not be any separate category of "victims," alleged or otherwise. Rather, the names of all persons of relevance should be grouped together;

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
July 6, 2022
Page 2 of 2

(6)     at p. 6, ¶ 28, "local" courts should be added to the first sentence;

(7)     at p. 7, ¶ 36, if any such question is asked, it should include that the testimony of cooperating witnesses should be scrutinized with greater care. Otherwise, the paragraph does not state the law accurately or completely with respect to cooperating witnesses, and would therefore be misleading and prejudicial to Mr. Olajumoke;

(8)     at p. 8, ¶ 37(b) should be deleted. "Expectations" with respect to evidence generally are not relevant to or probative of a juror's ability to be impartial. It would be relevant if a juror believes a party is *required* to offer any type of evidence – and that applies to both parties;

(9)     at p. 8-9, ¶¶ 39-44, it is respectfully submitted that those questions should be asked at the outset;

(10)     at pp. 9-10, ¶ 46, a reciprocal question should be included regarding whether any juror might not be able to render a *not* guilty verdict regardless of the evidence, or because of some other aspect relating to the defendant or the case;

(11)     at p. 10, ¶ 48, the sentence should read "that sympathy for anyone;" and

(12)     at p. 11, ¶ 51, any such instructions should include the typical instructions regarding (a) the presumption of innocence that obtains throughout the trial and through deliberations unless and until the jury unanimously returns a verdict of guilt; and (b) an admonition that the jurors cannot draw any conclusions or deliberate until it has heard all the evidence, the closing statements, and the Court's instructions

Respectfully submitted,

*/s/ Joshua L. Dratel*

Joshua L. Dratel

JLD/