```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| United States of America, <br><br> -against- <br><br> Abiola Olajumoke, <br><br> Defendant. | No. 19 CR 291 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On August 21, 2024, supposed counsel for Mr. Olajumoke (Ms. Chorny) filed a second letter-motion for a stay of the surrender date, (dkt. no. 741), following the Court's ruling on the first letter-motion earlier in the day, (see dkt. no. 740). Accordingly, the Court construes the second motion as one for reconsideration. As Ms. Chorny fails to identify any matters or controlling decisions overlooked by the Court, the motion is denied as procedurally deficient. See Local Crim. R. 49.1.

    The motion is also denied on substantive grounds. Although Ms. Chorny cites a gamut of authority, none is persuasive. For example, Federal Rule of Appellate Procedure 23(b) addresses the review of a decision not to release a prisoner, but no such decision exists here. Hilton v. Braunskill, 481 U.S. 770 (1987), addresses situations involving a successful habeas petitioner, but no habeas petition, let alone a successful one, has been filed in this case. Harris v. United States, 367 F.3d 74 (2d Cir. 2004), addresses the relationship between Federal Rule of Civil

Procedure 60(b) and AEDPA procedures, neither of which is relevant here.

The Court is also unpersuaded by the possibility of future motion practice. Of course counsel for Mr. Olajumoke is free to make motions on his behalf, and the Court will consider them in due course. The Court is unwilling, however, to delay Mr. Olajumoke's surrender date based on a prospect of motions to come.

Moreover, the Court observes that despite Ms. Chorny's purported retention by Mr. Olajumoke, the docket tells a different story. Mr. Mirvis has not moved to withdraw as counsel for Mr. Olajumoke, and Ms. Chorny has not moved for a substitution of counsel. Pursuant to Local Civil Rule 1.4, which applies to criminal proceedings through Local Criminal Rule 1.1, an attorney of record may only be relieved or displaced by order of the Court. As no such order has been entered, Ms. Chorny's filings are without effect, and the Court need not consider them further.

The Clerk of the Court is directed to close docket entry 741.

**SO ORDERED.**

Dated:   August 22, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge